**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michelle Bell, | : |
|                 Plaintiff, | :   Civil Action No.: _____ |
|    v. | : |
| Mercantile Adjustment Bureau, LLC; and | : |
| DOES 1-10, inclusive, | :   **COMPLAINT** |
|               Defendants. | : |

For this Complaint, the Plaintiff, Michelle Bell, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Michelle Bell ("Plaintiff"), is an adult individual residing in Indianola, Iowa, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a York

business entity with an address of 6390 Main Street, Suite 160, Williamsville, New York 14221, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Mercantile and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Mercantile at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      A financial obligation (the "Debt") was incurred to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Mercantile for collection, or Mercantile was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Mercantile Adjustment Bureau, LLC Engages in Harassment and Abusive Tactics

### FACTS

12.     Defendants called Plaintiff's residential phone line in an attempt to collect the debt with the intent to annoy and harass.

13.     Plaintiff informed Defendants that she was not the person who incurred the Debt

and requested that defendants place her on a do-not-call list. Defendants stated that they did not have to follow Federal Communications Commission laws.

14.     Defendants placed automated calls with pre-recorded voice messages on Plaintiff's residential phone line in an attempt to collect the Debt.

15.     Defendants were rude when speaking to Plaintiff. To Plaintiff's request to identify the company name Defendants replied: "What do you want to know that for?", "It is Mercantile, lady!" Defendants disconnected calls with Plaintiff six (6) times a day.  Defendants accused Plaintiff of being a liar.

16.     Defendants failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

17.     Defendants failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

## C. Plaintiff Suffered Actual Damages

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants

failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
### 47 U.S.C. § 227, *et seq.*

34.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

5

39.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

40.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

41.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT IV
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

42.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

44.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

45.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

46.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages,

6

trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

7. Granting the Plaintiff such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 29, 2010

Respectfully submitted,

By

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
300 International Drive, Suite 100

7

Williamsville, NY 14221
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff